(No. 90-CC-0052–)

JOHN M. GERAGHTY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 25, 1990.*

*Order filed June 19, 1991.*

JOHN M. GERAGHTY, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

The Claimant, John M. Geraghty, brought this complaint seeking recovery in excess of $106,000.00 from the State. Claimant alleges that he was a petitioner before the Illinois Industrial Commission (hereinafter the "Commission") docket Nos. 86-WC-4610 and 88-IIC-577. He alleges that there is evidence of fraud, perjury, obstruction of justice, intimidation, harassment, conspiracy and negligent improper practices in relation to the before mentioned proceedings.

Claimant complains that officers and employees of the Commission, namely, Arbitrator Joann Fratianni, Commissioners Douglas Holland and Richard Gilgis, and an unidentified woman, were the individuals perpetrating the alleged wrongs.

At the hearing Claimant appeared *pro se* and presented 32 exhibits all of which were admitted into the record without objection. The State presented one group exhibit which included the memorandum of decision of arbitrator before the Industrial Commission in Claim No. 86-WC-4610. The State's group exhibit also included the decision and opinion on review before the Commission in document No. 88-IIC-577.

Claimant's exhibit Nos. 3 and 6, show that Claimant filed an action in circuit court of Cook County, docket No. 88-L-50946, seeking review of the Commission proceedings at the administrative level. That action was dismissed for lack of subject matter jurisdiction by order of Judge Alexander P. White due to the failure of Claimant to file his complaint for review within the 20-day period of time specified in the statute.

The record indicates that Claimant was at one time represented by counsel at Commission proceedings, but was not so represented at the hearing before the arbitrator and also at the time the decision and opinion on review was rendered. Claimant's exhibit No. 2 shows that Claimant rejected a $50,000.00 settlement offer during proceedings before the Commission. This document is offered to support the allegation of intimidation.

Throughout the hearing held on the present claims, Claimant asserted that he disagreed with the findings of fact by the arbitrator at the commission. He also disagrees with the conclusions of Commissioners Gilgis and Holland in their opinion and decision on review. Claimant maintains that he proved facts sufficient in the case before the commission to support his claim for compensation. The commission concluded that he failed to prove that he sustained accidental injuries arising out

of and in the course of this employment. Claimant maintains the commissioners were wrong therefore their conclusions are tantamount to fraud. Claimant testified that "they couldn't have ruled the way they did if they considered the entire record."

Claimant also alludes to conduct by attorneys, doctors, and other medical personnel alleging that such conduct supports his theory of conspiracy and cover-up.

Section 8(a) of the Court of Claims Act states that this Court does not have jurisdiction to hear claims arising under the Workers' Compensation Act. (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 et seq.) It is apparent Claimant is dissatisfied with the results of his commission proceedings and his unsuccessful attempt to have them subjected to administrative review in the Circuit Court. Claimant has failed to prove facts sufficient to prove the allegations in his complaint.

It is therefore ordered that this claim be, and hereby is, denied. The Clerk shall return Claimant's exhibits to the Claimant.

## ORDER

Raucci, J.

This cause coming on to be heard on the Claimant's request for a "review" of his claim, or alternatively a "Petition for Rehearing," the Court finds:

1. On February 11, 1991, we denied Claimant's "Request for Review" which we treated as a "Petition for Rehearing."

2. We have no jurisdiction to conduct further proceedings.

It is therefore ordered:

1. The February 26, 1991, filing is denied.

2. The Clerk is directed to accept no further filings in this cause.